In the Matter of the Application of MARY KELLY.

[SPECIAL. TERM.]

(Decided May 9th, 1883.)

Where leave to prosecute an action as a poor person is granted, an attorney who applies for and obtains such leave is bound to act for the plaintiff without compensation, beyond the costs that may be recovered, and is not entitled to retain any portion of the recovery, notwithstanding an agreement with the plaintiff therefor, even though the costs of the action are set off against the costs recovered by defendant against his client in a former action for the same cause.

APPLICATION by plaintiff in an action to compel payment, by plaintiff's attorney, of money recovered and retained by him.

The facts are stated in the opinion.

CHARLES P. DALY, Chief Justice.—The applicant, Mary Kelly, made an agreement in writing with her attorney, George S. Wilkes, that he might "take proceedings against Philip Laracy for damages " for an injury she had sustained, he (Wilkes) "paying expenses " and she to pay him "as counsel fee one half of the recovery, besides costs." He brought an action in the Superior Court, which was dismissed for the want of a sufficient statement of a cause of action, and the defendant in that suit recovered a judgment of $120 for his costs. Wilkes then applied in this court for liberty to bring an action for the plaintiff *in forma pauperis*, which was granted, and he was assigned as her attorney and counsel, and, as such, was obliged by the provisions of the Code, section 460, to act for her in the suit here without compensation.

She recovered in the action in this court $250 and $146 costs. The costs so recovered were, under section 467, payable to the attorney, and, if the court so directed, could be

retained by him for his services. He made no application for any such direction, but, on receiving from the defendant's attorney a receipt for $142.39, in satisfaction of the judgment in the Superior Court and the interest thereon, the defendant's attorney paid him the residue of the amount recovered, $107.61, and though more than three years have elasped, all that the plaintiff has been enabled to obtain has been $4.

It is not necessary to determine, in this application, whether the cause of the action being dismissed in the Superior Court was or was not from the want of skill on his part in drawing the complaint, for the agreement of the plaintiff was that " he paying expenses " she would pay him one half of the recovery; and as there was no recovery, but an expense incurred through the dismissal of the suit, that expense, as between her and him, was, by the agreement, payable by him. The judgment, it is true, was against her and the defendant had the right to enforce the payment of it from her; but, as between her and her attorney, the liability for this expense was quite another matter, and was regulated by the agreement in writing that he obtained from her before he brought the suit; so that if that agreement applied to this suit, it would not entitle him to deduct this expense from money received by her in this action. But Judge VAN HOESEN held, when this application was made to him, that his agreement could have no effect in this court, as he applied to be allowed to prosecute the action for her here as a poor person, and his application being granted, he was by law bound to act for her here without compensation ; that all he could get in this action, therefore, was the costs, if recovered, and that he had no claim whatever to the $250, in which view I fully concur. But Judge VAN HOESEN did not determine what amount he should be required to pay to the plaintiff, as he may have paid the costs in the Superior Court, in obedience to the order of the court, and he therefore made no order, but gave the plaintiff leave to renew the motion. The plaintiff has accordingly renewed it, and all that appears is what has

been before stated, that the attorney received $107.61 from the attorney for the defendant, and took from him a receipt for $142.39, in full satisfaction of the judgment for costs in the Superior Court. He assumed to adjust the matter as he thought proper, without any authority either from the plaintiff or this court. So far as he has done what the court would order to be done, he will be protected. As between the plaintiff and the defendant, the defendant had the right to have the judgment for costs in the Superior Court set off against the judgment recovered in this court, which was for $396 ; and if he had applied to the court, it would have compelled this equitable right of set-off, a right which is enforced even against an attorney's claim or lien for costs ( *Ward* v. *Wordsworth*, 1 E. D. Smith 602 ; *People* v. *Manning*, 13 Wend. 652). If a set-off, therefore, had been ordered for the satisfaction of the judgment in the Superior Court, it would have left $253.61, payable by the defendant in this suit, and Mr. Wilkes must stand in the position in which he would have been left if the defendant had obtained all that he would have been entitled to under and by the order of the court. The effect would have been, as between the plaintiff and Mr. Wilkes, that she would be entitled to $250, which would leave only $3.61 for his costs in this suit. If he had asked the court, in addition to allowing against the judgment in the plaintiff's favor for $396 the amount of the judgment in the Superior Court, to deduct from it also the $146 recovered in this action, and direct that he should retain it, the court would have answered him that it would be unequitable to do so ; that the set-off of $142 was for expenses incurred by the dismissal of the suit he had brought in the Superior Court, and which, by the agreement applicable to that suit, he and not the plaintiff was to pay ; that the plaintiff was entitled in this suit to the $250 she had recovered, and what remained beyond that, which was $3.61, he was entitled to retain. In other words, that the costs incurred in the Superior Court could not, as between him and her, be deducted from the $250 recovered by her in this suit. What

Mr. Wilkes then has to pay her, after deducting the $4 received by her and this $3.61, is $242.39.

The plaintiff, at the hearing, was willing that the written agreement should be applied to this suit, and that she should receive half of the recovery of $125, which Mr. Wilkes was unwilling should be ordered, resting upon his strict legal rights. They have accordingly been adjudicated with no exercise of any discretion the court may have in his favor, as he has, for three years, kept the plaintiff out of her money, and then compelled her to employ other counsel to obtain her rights.

As the plaintiff, however, has only applied for $125, half the amount recovered, if she is still willing to take that amount, the order may be made for the payment of that sum. If she is not, then the order will 'be as above stated.

Order accordingly.